## VANCOUVER LUMBER COMPANY, Limited, v. HOME INS. CO.

District Court, S. D. New York.
March 27, 1933.

Lord, Day & Lord, of New York City (George de Forest Lord and Jesse Hoyt, both of New York City, of counsel), for libelant.

Bigham, Englar, Jones & Houston, of New York City (Martin Detels, of New York City, of counsel), for respondent.

FRANK J. COLEMAN, District Judge.

The only question presented is as to the construction of the policy of insurance, whether a deck load clause stamped on the policy eliminates certain express provisions of a printed institute cargo clause. The libelant was the owner of a large shipment of shingles loaded on the steamer Torvanger at Vancouver, B. C., for carriage to Charleston, S. C., some of which were stowed in the hold and some on deck. In distress the steamer stopped at Balboa where it was necessary to remove part of her deck load and forward it by another vessel. Special charges were incurred for storing, handling, and forwarding the portion of the deck load removed at Balboa, and in the average adjustment these in the amount of $1,936.40 were allocated against the libelant which now sues its insurer to recover them.

The policy has a printed institute cargo clause which reads: "9. Warranted free from Particular Average, unless the vessel or craft be stranded, sunk or burnt, but notwithstanding this warranty the Assurers are to pay the insured value of any package or packages which may be totally lost in loading, transhipment or discharge, also for any loss of or damage to the interests insured which may reasonably be attributed to fire, collision or contact of the vessel and/or craft and/or conveyance with any external substance (ice included) other than water, or to discharge of cargo at port of distress, also to pay landing, warehousing, forwarding and special charges if incurred for which Underwriters would be

liable under a policy covering Particular Average."

Stamped in ink on the policy is a deck load clause reading: "Deck load is warranted free from Particular Average unless directly resulting from stranding, sinking, burning or collision with another ship or vessel, but including risk of jettison and the washing overboard, irrespective of percentage."

The question presented is what effect the deck load clause has upon the portion of clause 9 reading: "But notwithstanding this warranty the Assurers are * * * also to pay landing, warehousing, forwarding and special charges if incurred for which Underwriters would be liable under a policy covering Particular Average."

The deck load was insured under the policy, and all of clause 9 would apply to it in the absence of the deck load clause. The express promise to pay forwarding and other special charges would make the respondent liable in this suit if the quoted portion of clause 9 remains applicable to the deck load. No part of clause 9 was canceled because it remains in full force in relation to the under deck cargo; but the deck load clause was superimposed upon it and must prevail in so far as there is any inconsistency between the two.

Clause 9 consists of a single sentence divided only by commas, and embodies, first, the warranty; second, the conditions of it; and, third, express promises by the insurer to pay certain items, notwithstanding the warranty. The deck load clause likewise consists of one sentence stating the warranty and enumerating different conditions, but containing no specific promises to pay. The conditions of the warranty as enumerated in the two clauses are inconsistent, but we are not concerned with them. The promise to pay the forwarding charges is not contradicted in the deck load clause, and there is no essential inconsistency between the two.

The respondent contends that there was evidenced a mutual intention to substitute the deck load clause for the entire clause 9 as to cargo carried on deck, but no such intention was specifically expressed. All that was said in this regard as to the relation between the two clauses was typewritten on the policy as follows: "Institute cargo clauses 1921 to apply as per attached. Deck load clause to apply as per stamp." They were intended to be construed together as far as possible, and I am unable to see any intention to eliminate the parts of clause 9 which are not inconsistent with the deck load clause. Since respondent prepared the contract, any ambiguity should be construed more strongly against it.

Decree for libelant.